UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY EDWARDS,

        Plaintiff,

v.                                                  Case No. 2:06-CV-10048

SHAWN STALLARD, et al.,

        Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING CIVIL RIGHTS COMPLAINT**

**I. INTRODUCTION**

The court has before it Plaintiff Anthony Edwards's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). Plaintiff is a state prisoner currently confined at the Charles A. Handlon Correctional Facility in Ionia, Michigan.[1] In his complaint, Plaintiff alleges that Detroit Police Officers Shawn Stallard and Micah Hall violated his constitutional rights by conducted a warrantless entry on December 20, 2004 and that the Detroit Police Department condoned the officers' conduct by failing to discipline them. Plaintiff seeks compensatory and punitive damages.

---

[1] At the time he filed his complaint, Petitioner was confined at the Charles E. Egeler Correctional Facility in Jackson, Michigan.

1

Having reviewed the complaint, the court will dismiss it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to sufficiently state a claim upon which relief may be granted under § 1983.

## II.  STANDARD

Plaintiff has been granted *in forma pauperis* status.  Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).  The court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988).

### III.  DISCUSSION

Despite the liberal pleading standard accorded *pro se* plaintiffs, the court finds that Plaintiff's complaint is subject to dismissal.  Plaintiff alleges that the defendant Detroit Police Officers violated his Fourth, Ninth, and Fourteenth Amendment rights by "acting outside the scope of the law" and conducting a "warrantless entry" and that the Detroit Police Department "failed to discipline the officers, therefore condoning [their] behavior."  Plaintiff, however, sets forth no facts to explain what actions defendants took or failed to take resulting in the alleged violations of his rights.  He fails to allege what type of "warrantless entry" occurred or to allege facts indicating that the defendants engaged in unconstitutional conduct.  Even a warrantless entry into a residence may be justified by probable cause and exigent circumstances.  See *Kirk v. Louisiana*, 536 U.S. 635, 638 (2002); *United States v. McClain*, 430 F.3d 299, 304 (6th Cir. 2005).  Conclusory allegations of unconstitutional conduct are insufficient to state a claim under § 1983.  See *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *Lillard v. Shelby Co. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).  Some factual basis for the claim must be set forth in the pleadings.  *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir. 1986) (citing *Place v. Shepherd,* 446 F.2d 1239 (6th Cir. 1971)) ("It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law.").  The Sixth Circuit has explained the necessity of this requirement in the context of § 1983 actions:

> There is a sound reason for requiring that a civil rights action against a government official or employee state a claim in terms of facts rather than conclusions. When a government employee is sued, if no factual allegations are made, discovery and perhaps even trial may be required to demonstrate that the claim has no merit. Such activities require the

> government defendant and others such as government attorneys involved in defense of the claim to divert their attention from their usual activities and to become involved in the litigation to the neglect of their assigned duties.

*Id.* at 465.  Because Petitioner has failed to provide any factual basis beyond his conclusory legal allegations, his complaint must be dismissed.

Additionally, to the extent that Plaintiff challenges any imprisonment which has resulted from the alleged "warrantless entry," he also fails to state a claim for relief.  A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of his continued confinement.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254).  This holds true regardless of the relief sought by the plaintiff.  *Id.* at 487-89.  To the extent that Plaintiff challenges the propriety of his confinement, his complaint must be dismissed.

## IV.  CONCLUSION

For the reasons stated, the court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  Accordingly, IT IS

ORDERED that the complaint is hereby DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Lastly, the court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

IT IS SO ORDERED.

      s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 31, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 31, 2006, by electronic and/or ordinary mail.

      s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Even Orders\06-10048.EDWARDS.1915.ctb.wpd